HON. ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PUGET SOUNDKEEPER ALLIANCE,<br>Plaintiff,<br>v.<br>SAMSON TUG AND BARGE CO. INC.,<br>Defendants. | Case No. 2:16-cv-01270-RSL<br>**CONSENT DECREE**<br>**~~[Proposed]~~** |

AND

| | |
|---|---|
| PUGET SOUNDKEEPER ALLIANCE,<br>Plaintiff,<br>v.<br>SAMSON TUG AND BARGE CO. INC., DUWAMISH MARINE CENTER, JAMES D. AND JACQUELINE H. GILMUR LIVING TRUST, and DUWAMISH METAL FAB, INC.<br>Defendants. | No. 2:16-cv-00445-RSL<br>**CONSENT DECREE**<br>**~~[Proposed]~~** |

## I. STIPULATIONS

Plaintiff Puget Soundkeeper Alliance ("Soundkeeper") sent a sixty-day notice of intent to sue letter to Defendants Samson Tug & Barge Co. Inc and to property owners on January 22, 2016, alleging violations of the Clean Water Act, 33 U.S.C. § 1251 et seq., relating to discharges of stormwater from the "First Ave Facility" located on the east bank of the Lower Duwamish

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN ST.
SEATTLE, WASHINGTON 98112
(206) 860-2883

River and seeking declaratory and injunctive relief, civil penalties and attorneys' fees and costs. Soundkeeper then filed the initial complaint for Case No. C16-00445RSL on March 29, 2016. On June 8, 2016, Soundkeeper sent a revised notice letter adding defendant Duwamish Marine Center and filed an amended complaint on October 21, 2016. On December 6, 2016, Soundkeeper sent its third notice letter adding certain claims and explicitly adding Duwamish Metal Fab, Inc. and Soundkeeper filed its second amended complaint on March 21, 2017.

Soundkeeper also sent a sixty-day notice of intent to Samson Tug & Barge Co. Inc. alleging violations of the Clean Water Act, 33 U.S.C. § 1251 et seq., relating to discharges of stormwater from its container storage facility located at or about 7553 Detroit Ave SW, Seattle WA 98108. This facility is referred to as Samson's "Detroit Ave" facility. Stormwater runoff from the Detroit Ave facility also eventually flows into the Duwamish River. Soundkeeper sent the notice letter to Samson regarding it Detroit Ave facility on June 3, 2016, then filed its complaint on August 11, 2016 opening Case No. C16-1270RSL.

Soundkeeper and Defendants agree that settlement of these matters is in the best interests of the parties and the public, and that entry of this Consent Decree is the most appropriate means of resolving this action.

Soundkeeper and Defendants stipulate to the entry of this Consent Decree without trial, adjudication, or admission of additional issues of fact or law regarding Soundkeeper's claims or allegations set forth in its complaint and its sixty-day notice.

The parties enter into this Consent Decree in recognition that the Defendants had made significant site improvements, including the installation of active treatment at both sites.

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN ST.
SEATTLE, WASHINGTON 98112
(206) 860-2883

SAMSON TUG & BARGE CO. INC.

By Corelle Beggen

Title: Vice President

PUGET SOUNDKEEPER ALLIANCE

By ____________________
Chris Wilke

TITLE: Executive Director & Soundkeeper

DUWAMISH METAL FAB., INC.

By ____________________

Title: ____________________

DUWAMISH MARINE CENTER

By ____________________

Title: ____________________

JACQUELINE H. GILMUR LIVING TRUST

BY ____________________

Title: ____________________

DUWAMISH MARINE CENTER

By ____________________

Title: ____________________

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN ST.
SEATTLE, WASHINGTON 98112
(206) 860-2883

DATED this 30th day of November, 2017.

SAMSON TUG & BARGE CO. INC.

By ______________________________

Title: ____________________________

PUGET SOUNDKEEPER ALLIANCE

By ______________________________
Chris Wilke

TITLE: Executive Director & Soundkeeper

DUWAMISH METAL FAB., INC.

By [signature]
Kelli Harris

Title: Governor

DUWAMISH MARINE CENTER

By [signature]
Kelli Harris

Title: Governor

JAMES D. AND JACQUELINE H. GILMUR LIVING TRUST

By [signature]
Kelli Harris

Title: Trustee

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN ST.
SEATTLE, WASHINGTON 98112
(206) 860-2883

DATED this 30th day of November, 2017.

SAMSON TUG & BARGE CO. INC.

By ______________________________

Title: ___________________________

PUGET SOUNDKEEPER ALLIANCE

By ______________________________
Chris Wilke

TITLE: Executive Director & Soundkeeper

DUWAMISH METAL FAB., INC.

By ______________________________

Title: ___________________________

DUWAMISH MARINE CENTER

By ______________________________

Title: ___________________________

JACQUELINE H. GILMUR LIVING TRUST

BY ______________________________

Title: ___________________________

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN ST.
SEATTLE, WASHINGTON 98112
(206) 860-2883

## II. ORDER AND DECREE

THIS MATTER came before the Court upon the Parties' Joint Motion for Entry of Consent Decree and the foregoing Stipulations of the parties. Having considered the Stipulations and the promises set forth below, the Court hereby ORDERS, ADJUDGES, and DECREES as follows:

1. This court has jurisdiction over the parties and subject matter of this action.

2. Each signatory for the parties certifies for that party that he or she is authorized to enter into the agreements set forth below.

3. This Consent Decree applies to and binds the parties and their successors and assigns.

4. This Consent Decree applies to the operation, oversight, or both by Defendants.

5. This Consent Decree is a full and complete settlement and release of the claims in the Complaints and all other claims known and unknown existing as of the date of entry of this Consent Decree, that could be asserted under the Clean Water Act, 33 U.S.C. §§ 1251-1387.

6. Defendants agrees to the attached terms and conditions in full and complete satisfaction of the claims covered by this decree. (See **Attachment A**.)

7. The parties agree that they will work cooperatively and in good faith to implement this consent decree.

8. To fulfill part of the $250,000 (Two Hundred Fifty Thousand Dollar) payment in the attached terms and conditions, not later than 30 days after the entry of this Consent Decree, Defendants will pay $80,000 (EIGHTY THOUSAND DOLLARS) to the Rose Foundation for Communities and the Environment as described in **Attachment B** to this Consent Decree, for environmental benefit projects benefitting the Puget Sound/Salish Sea. Payment will be made to the order of and delivered to The Rose Foundation for Communities and the Environment.

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN ST.
SEATTLE, WASHINGTON 98112
(206) 860-2883

Payment shall include the following reference in a cover letter or on the check: "Consent Decree, PSA v. Samson Tug & Barge" A copy of each check and cover letter, if any, shall be sent simultaneously to Soundkeeper.

9. To fulfill the remaining part of the $250,000 (Two Hundred Fifty Thousand Dollar) payment in the attached terms and conditions, Defendants will pay Soundkeeper's reasonable attorney and expert fees and costs in the amount of $170,000. Payment will be made within 30 days of the entry of this decree by check payable and mailed to Smith & Lowney, PLLC, 2317 E. John Street, Seattle, Washington 98112, attn: Knoll Lowney. This payment is full and complete satisfaction of any claims Soundkeeper may have under the Clean Water Act for fees and costs.

10. A force majeure event is any event outside the reasonable control of Defendants that causes a delay in performing tasks required by this decree that cannot be cured by due diligence. Delay in performance of a task required by this decree caused by a force majeure event is not a failure to comply with the terms of this decree, provided that Defendants notify Soundkeeper of the event; the steps that Defendants will take to perform the task; the projected time that will be needed to complete the task; and the measures that have been taken or will be taken to prevent or minimize any impacts to stormwater quality resulting from delay in completing the task.

Defendants will notify Soundkeeper of the occurrence of a force majeure event as soon as reasonably possible but, in any case, no later than ten days after the occurrence of the event. In such event, the time for performance of the task will be extended for a reasonable period of time following the force majeure event.

By way of example and not limitation, force majeure events include

a. Acts of God, war, insurrection, or civil disturbance;

b. Earthquakes, landslides, fire, floods;

c. Actions or inactions of third parties over which defendant has no control;

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN ST.
SEATTLE, WASHINGTON 98112
(206) 860-2883

  d. Restraint by court order or order of public authority;

e. Strikes; and

f. Litigation, arbitration, or mediation that causes delay.

11. This court retains jurisdiction over this matter. And, while this decree remains in force, this case may be reopened without filing fee so that the parties may apply to the Court for any further order that may be necessary to enforce compliance with this decree or to resolve any dispute regarding the terms or conditions of this decree. In the event of a dispute regarding implementation of, or compliance with, this decree, the parties must first attempt to resolve the dispute by meeting to discuss the dispute and any suggested measures for resolving the dispute. Such a meeting should be held as soon as practical but must be held within thirty (30) days after notice of a request for such a meeting to the other party and its counsel of record. If no resolution is reached at that meeting or within thirty (30) days of the notice, whichever occurs first, either party may file a motion with this court to resolve the dispute. The provisions of section 505(d) of the Clean Water Act, 33 U.S.C. § 1365(d), regarding awards of costs of litigation (including reasonable attorney and expert witness fees) to any prevailing or substantially prevailing party, shall apply to any proceedings seeking to enforce the terms and conditions of this Consent Decree.

12. The parties recognize that, pursuant to 33 U.S.C. § 1365(c)(3), no consent judgment can be entered in a Clean Water Act suit in which the United States is not a party prior to forty-five (45) days following the receipt of a copy of the proposed consent judgment by the U.S. Attorney General and the Administrator of the U.S. EPA. Therefore, upon the signing of this Consent Decree by the parties, Soundkeeper shall serve copies of it upon the Administrator of the U.S. EPA and the Attorney General.

13. This Consent Decree takes effect upon entry by the court. It terminates two years after entry by the court.

14. All parties have participated in drafting this decree.

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN ST.
SEATTLE, WASHINGTON 98112
(206) 860-2883

15. This Consent Decree may be modified only upon the approval of the court.

16. If for any reason the court should decline to approve this Consent Decree in the form presented, this Consent Decree is voidable at the discretion of either party. The parties agree to continue negotiations in good faith in an attempt to cure any objection raised by the court to entry of this Consent Decree.

17. Notifications required by this Consent Decree must be in writing. The sending party may use any of the following methods of delivery: (1) personal delivery; (2) registered or certified mail, in each case return receipt requested and postage prepaid; (3) a nationally recognized overnight courier, with all fees prepaid; or (4) e-mail. For a notice or other communication regarding this Consent Decree to be valid, it must be delivered to the receiving party at the addresses listed below or to any other address designated by the receiving party in a notice in accordance with this paragraph 16.

**if to Soundkeeper:**

Katelyn Kinn
Staff Attorney
(206) 297-7002 (Office)
katelyn@pugetsoundkeeper.org

**and to:**

Smith & Lowney PLLC
(206) 860-2883 (Office)
meredith@smithandlowney.com

**if to Samson Tug & Barge Co. Inc.**:

Richard Seslar
Seattle Facilities and Safety Operations Manager
(425) 236-0447 (Cell)
richardseslar@samsontug.com

**and to:**

Mark M. Myers
Williams Kastner
(206) 628-6633 (Office)

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN ST.
SEATTLE, WASHINGTON 98112
(206) 860-2883

mmyers@williamskastner.com

**if to Duwamish Metal Fabrication or Duwamish Marine Center:**

Kelli Harris
P.O. Box 665
Monroe, WA 98272
teamharris7@gmail.com

**and to:**

Lori A. Terry
Foster Pepper PLLC
(206) 447-4400 (Office)
lori.terry@foster.com

A notice or other communication regarding this Consent Decree will be effective when received unless the notice or other communication is received after 5:00 p.m. on a business day, or on a day that is not a business day, then the notice will be deemed received at 9:00 a.m. on the next business day. A notice or other communication will be deemed to have been received: (a) if it is delivered in person or sent by registered or certified mail or by nationally recognized overnight courier, upon receipt as indicated by the date on the signed receipt; or (b) if the receiving party rejects or otherwise refuses to accept it, or if it cannot be delivered because of a change in address for which no notice was given, then upon that rejection, refusal, or inability to deliver; or (c) for notice provided via e-mail, upon receipt of a response by the party providing notice or other communication regarding this Consent Decree.

DATED this 21st day of March, 2018.

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN ST.
SEATTLE, WASHINGTON 98112
(206) 860-2883

HON. ROBERT S. LASNIK
UNITED STATES DISTRICT JUDGE

CONSENT DECREE: C16-1270RSL and C16-00445RSL
p. 9

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN ST.
SEATTLE, WASHINGTON 98112
(206) 860-2883

6252002.1

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883, FAX (206) 860-4187

December 14, 2017

Docket Clerk for the Honorable Robert S. Lasnik

Re: *Puget Soundkeeper Alliance v. Samson Tug and Barge Company, Inc. et al.*; W.D. Wash. No. 2:16-cv-00445-RSL; Waiting period before entry of consent decree

Dear Docket Clerk:

This is submitted with the proposed Consent Decree and Joint Motion for Entry of Consent Decree for the above-captioned case. Please note that, pursuant to the explicit direction of the Clean Water Act, the Consent Decree should not be entered by the Court until a 45-day Department of Justice and EPA review period has expired. Thus, the hearing is noted accordingly. Please do not have this Consent Decree entered before that time. Please call if you have any question about this. Thank you.

Sincerely,

SMITH & LOWNEY, P.L.L.C.

By: <u>*s/Meredith A. Crafton*</u>
Meredith A. Crafton, WSBA No. 46558
Attorneys for Plaintiff

# ATTACHMENT A

**Puget Soundkeeper Alliance v. Samson Tug and Barge, et al.**

**First Ave Facility**

**(Case No. No. 2:16-cv-00445-RSL)**

**Settlement Term Sheet**

---

Plaintiff Puget Soundkeeper Alliance ("Soundkeeper") and Defendants, Samson Tug and Barge Co, Inc. ("Samson"), Duwamish Marine Center ("DMC"), Duwamish Metal Fab. ("DMF") and the property owner, (collectively referred to as the "Parties") agree to resolve the above referenced matter on the following terms.

1. The Parties agree this settlement will be embodied in the form of a consent decree entered by the federal court and approved by the Department of Justice.

2. Defendants agree to commit to full compliance with all conditions of their NPDES permits.

3. For settlement of both cases combined, Defendants agree to pay the sum of TWO HUNDRED AND FIFTY THOUSAND DOLLARS.

4. Samson will complete the following remedial actions with respect to their operations at their "First Ave Facility," and shall amend the SWPPP to reflect these commitments:

   a. Within 90 days Samson will prevent discharges from its docks and piers to waterways or must sample such discharges. If Samson does not prevent discharges and elects to sample, then it must amend its SWPPP and sampling plan to identify the pier or dock as a sampling location.

   b. Samson will vacuum sweep piers after every vessel transloading and barge repair.

   c. Samson will move containers from the dock to the barge as a BMP to reduce the dust.

   d. Samson confirms that Outfall 2 and 3 at DMF/DMC has been plugged.

   e. In addition to incorporating the BMPs discussed above into its SWPPP, Defendants will update their SWPPPs to:

      i. Improve site description and include accurate facility map;

      ii. Include details regarding wheel wash and waste water capture;

      iii. Properly map treatment and include all outfalls; and

      iv. Include dust control and track-out BMPs (to control turbidity and illicit discharges).

  f. Within 30 days of entry of the consent decree, Defendants will provide Soundkeeper with a copy of their updated SWPPP prepared with a qualified consultant. Soundkeeper and its own consultant must have the opportunity to review and comment on the facility's latest SWPPP and the other plans.

  g. Defendants will provide all facility monitoring results conducted for the NPDES permit and submitted to Ecology to Soundkeeper for two years.

  h. For a period of two years, Defendants will forward to Soundkeeper copies of all communications to or from the Department of Ecology related to its NPDES permit, stormwater discharges from the facility, or illicit/unpermitted discharges from the facility.

5. The complete terms of the settlement will be memorialized in a subsequent consent decree between the Parties. This "Term Sheet" is not intended to be a full recital of the terms of settlement.

6. The Parties agree that the mediator (Bruce Heller) has the authority to resolve any disputes regarding this Term Sheet, but this does not limit the ability of any party to enforce this Settlement.

7. Soundkeeper gives Defendants a full and complete release of all claims related to their Complaints, Amended Complaints, and notice letter up through the date of this settlement.

8. Soundkeeper agrees to dismiss with prejudice James and Jacqueline Gilmur.

**Puget Soundkeeper Alliance v. Samson Tug and Barge**

**Detroit Ave Facility**

**(Case No. C16-1270RSL)**

**Settlement Term Sheet**

---

Plaintiff Puget Soundkeeper Alliance ("Soundkeeper") and Defendant, Samson Tug and Barge Co, Inc. ("Samson"), (collectively referred to as the "Parties") agree to resolve the above referenced matter on the following terms.

1. The Parties agree this settlement will be embodied in the form of a consent decree entered by the federal court and approved by the Department of Justice.
2. Samson agrees to commit to full compliance with all conditions of their NPDES permits.
3. For settlement of both cases combined, Defendants agree to pay the sum of TWO HUNDRED AND FIFTY THOUSAND DOLLARS.
4. Samson will sample as required by its NPDES permit and/or as directed by the Washington Department of Ecology.
5. Samson will update its SWPPP.
    a. Samson will improve the site description and include accurate facility map.
    b. Samson will properly map treatment and facility improvements including the French drain.
6. Within 30 days of entry of the consent decree, Samson will provide Soundkeeper with a copy of their updated SWPPP prepared with a qualified consultant. Soundkeeper and its own consultant must have the opportunity to review and comment on the facility's latest SWPPP and the other plans.
7. Samson will provide all facility monitoring results conducted for the NPDES permit and submitted to Ecology to Soundkeeper for two years.
8. For a period of two years, Samson will forward to Soundkeeper copies of all communications to or from the Department of Ecology related to its NPDES permit, stormwater discharges from the facility, or illicit/unpermitted discharges from the facility.

9. The complete terms of the settlement a memorialized in a subsequent consent decree between the Parties. This "Term Sheet" is not intended to be a full recital of the terms of settlement.

10. The Parties agree that the mediator (Bruce Heller) has the authority to resolve any disputes regarding this Term Sheet.

11. Soundkeeper gives Defendant a full and complete release of all claims related to their Complaints, Amended Complaints, and notice letter up through the date of this settlement.



**ATTACHMENT B**

ROSE
FOUNDATION
for COMMUNITIES
and the ENVIRONMENT

1970 BROADWAY, SUITE 600, OAKLAND, CA 94612-2218
ROSE@ROSEFDN.ORG

WWW.ROSEFDN.ORG
OFFICE: 510.658.0702
FAX: 510.658.0732

November 9, 2017

Thomas Swegle
Environment & Natural Resources Division
Law and Policy Section
P.O. Box 7415
Ben Franklin Station
Washington, D.C. 20044-7415

Re: Puget Soundkeeper Alliance v. Samson Tug and Barge, et al. (Case No: 2:16-cv-00445-RSL)

Dear Mr. Swegle,

This letter is intended to provide assurance that I have received the Consent Decree between Puget Soundkeeper Alliance and Samson Tug and Barge, et al. (related to First Ave. Facility and Detroit Ave. Facility) and that I am authorized by my Board of Directors to make the following binding commitments on behalf of the Rose Foundation.

1) I understand that the Rose Foundation should receive funds from Samson Tug and Barge as specified in the Consent Decree.

2) The Rose Foundation shall only use these Samson Tug and Barge funds for environmentally beneficial projects which benefit the Puget Sound/Salish Sea. We shall shall disperse the funds through the Rose Foundation's Puget Sound Stewardship & Mitigation Fund, a grantmaking fund which is wholly dedicated to supporting projects which benefit the water quality of Puget Sound.

3) Due to the location of the Samson facilities in the Duwamish watershed, in selecting grantees the Rose Foundation shall target the funds towards projects located in or directly benefitting the Duwamish River. Furthermore, due to the disproportionate impact of pollution from facilities such Samson Tug and Barge to low-income neighborhoods and communities of color in the Duwamish watershed area, in selecting grantees the Rose Foundation shall prioritize projects which involve and/or benefit disadvantaged communities in this area.

4) After funds have been disbursed, the Rose Foundation shall send a report to the Justice Department, the Court and the Parties describing how the funds were utilized and demonstrating conformance with the nexus of the Consent Decree.

**Rose Foundation for Communities and the Environment**

The Rose Foundation is a 501(c)(3) public charity (tax ID#94-3179772). Its mission is to support grassroots initiatives to inspire community action to protect the environment,

consumers and public health. To fulfill this mission, the Rose Foundation conducts the following activities:

- Raise money to award as grants to qualified non-profit organizations conducting charitable operations. The Rose Foundation does not support lobbying activities that are prohibited by Section 501(c)(3) of the IRS Code, and no portion of the Samson Tug and Barge funds shall be used to support any political lobbying activities whatsoever.
- Work directly in schools and in the community to encourage environmental stewardship and civic participation.
- Help government efforts to control pollution and protect the environment by encouraging community engagement in local, state and federal research and policy development.

Within this broad range of activities, all of the Rose Foundation's work revolves around one or more of the following strategic themes:

- Build and maintain a bridge between the community and organized philanthropy.
- Protect the natural environment, public health, and community and consumer rights.
- Promote collaboration between labor, environmental, business, consumer and social interests.
- Cultivate a new generation of environmental stewards and social policy leaders.
- Respect the inalienable rights protected by our nation's constitution, and the essential human rights to clean air, clean water, and individual dignity and privacy.

The Rose Foundation is governed by a Board of Directors. Grant applicants are required to submit written proposals, which must include at a minimum specific information about the goals, activities and projected outcomes of the proposed project, background about the charitable applicant, budget information, and a specific funding request. The Foundation may require additional information in order to fully evaluate the application. Applications are first screened by Foundation staff. Staff then makes recommendations to the Foundation Board for action. The Foundation requires all projects to submit written reports within one year of receipt of the grant award describing work conducted under the grant, thereby providing an accountability mechanism over funds awarded. Annual audits by the certified public accounting firm Levy and Powers are posted on the Foundation's website www.rosefdn.org.

I hope this provides you with the information you require. Please do not hesitate to contact me with any questions, or for additional information at (510) 658-0702 or tlittle@rosefdn.org.

Sincerely,

Tim Little, Executive Director